ERIC A. LIEPINS.
12770 Coit Road,
Suite 1100
Dallas, Texas 75251
Telephone:     (972) 991-5591
Telecopy:      (972) 991-5788
PROPOSED COUNSEL FOR DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE § | |
| § | |
| ARUBA PETROLEUM, INC § | |
| § | Case no. 16-42121-11 |
| § | CHAPTER 11 |
| DEBTOR § | |

EMERGENCY MOTION FOR AUTHORITY
TO PAY CERTAIN CRITICAL VENDORS

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Aruba Petroleum. Inc. ( the "Debtor") moves, on an emergency basis for authority to pay certain pre-petition critical vendors, and in support thereof, respectfully states:

**Background and Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core matter. The Court has authority to grant the relief requested herein pursuant to 11 U.S.C. §§ 105 and 363.

2. The Debtor filed bankruptcy, seeking protection under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on November 21, 2016 (the "Petition Date").

3. The Debtor is continuing to operate its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

**Relief Requested**

4. By this Motion, the Debtor seeks an order permitting it to pay certain pre-petition vendors, the Debtor has identified as critical vendors without which the Debtor's ability to reorganize will be adversely affected. The Debtor owns interest in or operates approximately 250 oil & gas wells in Texas. The Debtor is responsible for keeping the wells operating to provide revenue for all well owners. The total number of well interest holders which the Debtor's serve exceeds 4,500. The Debtor is dependent on these vendors to preform the services to operate its business.

5. The Debtor's seek authority to pay pre-petition claims of the following creditors:

   A. Bridgeport Pump & Supply, Inc. This company provides miscellaneous supplies and services to provide maintenance on all of the wells. Without proper maintenance the well would stop pumping and production would cease. The amount of pre-petition debt requested to be paid is $7,500.

   B. Gilbow Energy Solution. This company provides critical services in hauling off waste water. Unless the waste is disposed of the tanks will overflow and an environmental spill would result which would contaminate the land. The amount of pre-petition debt requested to be paid is $100,000.

   C. Greenwell Energy Solutions. This company provides chemicals that maintain the production of the wells. The amount of pre-petition debt requested to be paid is $44,000.

    D.    Taylor Oil. This company provides engine oil for compressors on the wells. The amount of pre-petition debt requested to be paid is $31,500.

    E.    Buckner Truck Sales, Inc. This company provides at a location central for Aruba's filed operations, Supplies for compressors at a 40% discount, necessary to keep the compressors running. The amount of pre-petition debt requested to be paid is $7,000.

6. The Debtor would show that each of these vendors provides a unique product or service that the Debtor would either be unable to obtain elsewhere or which would be unduly burdensome to obtain elsewhere either by cost or delay.

7. The Debtor seeks authority to make any of the above payments, if necessary. The vendors listed above all provide time sensitive products or services, and the Debtor must have these services to operate.

8. The Debtor would show the total pre-petition vendor amount sought to be paid is $190,000. The Debtor produces on average $115,000 in net revenue per month. In the event, the Debtor were unable to pay any of the above vendors, the Debtor's losses could easily be in the millions of dollars since the loss of these services would shut down the operations.

9. The Debtor has approximately 68 unsecured creditors who are owed a total of approximately $4,400,000.

## Applicable Law

10. The Debtor believes that its request to pay the critical vendors falls within the "necessity of payment doctrine" because such payments are necessary to the Debtor's continued operation and reorganization efforts. *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175-76 (Bankr. S.D.N.Y. 1989).

11. The Debtor believes that the payment of the critical vendor payments are is in the best interest of the estate and is absolutely necessary for the Debtor's continued operation and its reorganization efforts. If the Debtor is unable to pay these critical vendors, operations of the wellsites operated by the Debtor would stop thereby resulting interruption in the Debtor's services to thousands of interest holders and resulting in the loss of millions of dollars in potential revenue and the Debtor would be irreparably injured and the Debtor's reorganization efforts threatened. *See In re Chateaugay Corp.*, 80 B.R. 279, 282 (S.D.N.Y. 1987)(The bankruptcy court properly authorized the payment of pre-petition claimants when the debtor's sound business judgment existed to pay certain pre-petition claimants and the payments served to preserve and maximize the value of the debtor's estate).

12. The Debtor has sufficient funds with which to pay the critical vendors and believes that it is in the business's best interest to make such payments.

### Notice

13. The Debtor, simultaneously herewith, is filing a Motion for an Expedited Hearing and to Shorten Notice thereof to consider this Emergency Motion for Authority to Pay Pre-Petition Critical Vendors.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests entry of an order granting the relief requested herein, and for such other and further relief as is just.

Respectfully submitted,

ERIC A. LIEPINS
12770 Coit Road, Suite 1100
Dallas, Texas 75251
Telephone:   (972) 991-5591
Telecopy:    (972) 991-5788

EMERGENCY MOTION FOR AUTHORITY
TO PAY PRE-PETITION CREDITORS - Page 4

By:     _/s/ Eric Liepins__
Eric A. Liepins
Texas State Bar No. 12338110
PROPOSED COUNSEL FOR DEBTOR

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 26th day of November 2016 a true and correct copy of the foregoing motion was served on all creditors of the Debtor via United States mail and on the 20 largest unsecured creditors and those requesting notice via telecopier.

__/s/ Eric Liepins___
Eric A. Liepins