IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ARUBA PETROLEUM, INC., | § | Case No. 16-42121-11 |
| | § | Chapter 11 |
| Debtor. | § | |

**AMENDED OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO PAY CRITICAL VENDORS BY NEXTERA ENERGY GAS PRODUCING, LLC, NEXTERA ENERGY PRODUCER SERVICES, LLC, BSGA GAS PRODUCING, LLC AND <u>USG PROPERTIES BARNETT II, LLC</u>**

NextEra Energy Gas Producing, LLC, NextEra Energy Producer Services, LLC, BSGA Gas Producing, LLC and USG Properties Barnett II, LLC (collectively, "<u>NextEra</u>"), for their Amended Objection to Debtor's Emergency Motion for Authority to Pay Critical Vendors [Docket No. 5] (the "<u>Motion</u>"), respectfully represents:

1.  The Motion is deficient in that it provides no basis for treating the five vendors (the "<u>Vendors</u>") listed therein as "critical," nor is there any "extraordinary circumstance" presented that would warrant payment of the Vendor claims. *In re CoServ, LLC*, 273 B.R. 487, 491 (Bankr. N.D. Tex. 2002). Indeed, upon information and belief, there are multiple oil field service companies in Texas generally, and in the Barnett Shale, specifically (where the Debtor's wells are located) who can provide the services provided by the Vendors. The Motion was filed at November 26, 2016, and the hearing was scheduled for January 3, 2017. During that 38 day period the Debtor could have – and should have – tried to find alternative service providers.

2.  There does not appear to be any guiding case law in this District setting forth the standard by which to review motions to pay pre-petition alleged critical vendors. Much the same, there is a dearth of case law from this Court addressing the so-called necessity of payment

**NEXTERA'S AMENDED OBJECTION TO MOTION TO PAY CRITICAL VENDORS – Page 1**

doctrine. Nevertheless, the issue has been considered by a number of sister-bankruptcy courts in Texas, and such courts have begun to effectively adopt a uniform standard for evaluating critical vendor and similar motions.

3. In 2002, Judge Lynn adopted a three-factor test for evaluating motions to pay pre-petition debts owed to critical vendors. *See In re CoServ, LLC*, 273 B.R. 487, 498 (Bankr. N.D. Tex. 2002). The factors identified by the *CoServ* court are as follows: (1) it must be critical that the debtor deal with the claimant; (2) unless the debtor deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's prepetition claim; and (3) there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim. *See id.* The *CoServ* test was subsequently considered with approval by both the Northern District of Texas in *In re CEI Roofing, Inc.*, 315 B.R. 50, 57 (Bankr. N.D. Tex. 2004) and the Southern District of Texas in *In re Scotia Dev., LLC*, No. 07-20027, 2007 WL 2788840, at *2 (Bankr. S.D. Tex. Sept. 21, 2007). Accordingly, in the absence of a published opinion from this Court concerning the standard of review for critical vendor motions, NextEra respectfully suggests that the Motion should be evaluated pursuant to the *CoServ* factors.[1]

4. The Motion merely makes very broad, generalized, sweeping statements about how the Debtor is allegedly dependent on the Vendors and how the Vendors – oil field service

---

[1] In the *Mirant* case, Judge Lynn reviewed and approved of the *CoServ* standard, but nonetheless permitted the debtor to pay certain pre-petition critical vendors without first seeking court approval if (1) counsel to the debtors believed the creditors to be paid met the *CoServ* requirements or (2) if the creditors in question refused to continue to deal with the debtors without first being paid their pre-petition claims notwithstanding the debtor's belief that the creditors did not meet the *CoServ* test, *provided, however*, that the creditors would thereafter be required to show cause why they demanded payment of the prepetition claim as a condition to continuing to do business with the debtors. *See In re Mirant Corp.,* 296 B.R. 427, 429–30 (Bankr. N.D. Tex. 2003).

**NEXTERA'S AMENDED OBJECTION TO MOTION TO PAY CRITICAL VENDORS – Page 2**

3737984.1

providers – provide unique services to the Debtor. Putting aside for the moment that it is hard to imagine how five oil field service providers in the Barnett Shale are so "unique" and cannot be replaced, the Motion is effectively devoid of any discussion of the *CoServ* factors, or why the extraordinary relief being requested is truly necessary.

5.     Further, one of the Vendors – Gilbow Energy Solution ("Gilbow Energy") – appears to be related to Gilbow Tank Truck Service, Inc. ("Gilbow Tank"). Gilbow Tank is the Debtor's fourth largest unsecured creditor, *see* Docket No. 15, with a claim of $472,294. Upon information and belief, a Mr. Gilbow either presently is, or was shortly before the commencement of this Chapter 11 case, the director of field operations for the Debtor or otherwise affiliated with the Debtor. Upon further information and belief, the fees charged by Gilbow are above market, and similar services are available to the Debtor at lower prices.

6.     Unless and until the Debtor (i) proves that the Vendors are truly sole-source providers and that replacing them is a near impossibility, (ii) explains the relationships among the Debtor, Mr. Gilbow, Gilbow Tank and Gilbow, and shows that the amounts charged by and owing to Gilbow are in line with market prices, and (iii) otherwise complies with the *CoServ* factors, the Motion should be denied.

[remainder of page intentionally left blank]

**WHEREFORE**, NextEra respectfully requests that the Court enter an order (i) denying the Motion and (ii) granting such other and further relief as may be just and proper.

Respectfully submitted this 30th day of December, 2016.

                                              **GRAY REED & McGRAW, P.C.**

                                              By: */s/ Jason S. Brookner*
                                                    Jason S. Brookner
                                                    Texas Bar No. 24033684
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:  (214) 954-4135
Facsimile:  (214) 953-1332
Email:  jbrookner@grayreed.com

**COUNSEL TO NEXTERA ENERGY GAS PRODUCING, LLC, NEXTERA ENERGY PRODUCER SERVICES, LLC, BSGA GAS PRODUCING, LLC and USG PROPERTIES BARNETT II, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 30th day of December, 2016, he caused a true and correct copy of the foregoing pleading to be served via the Court's electronic case filing system (ECF) on all parties to this proceeding who have so-subscribed, and further that he caused a copy of the same to be served on counsel to the Debtor via email as follows: eric@ealpc.com.

                                                   */s/ Jason S. Brookner*
                                                   Jason S. Brookner