## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ARUBA PETROLEUM, INC., | § | Case No. 16-42121-11 |
| | § | Chapter 11 |
| Debtor. | § | |

### OBJECTION TO APPLICATION FOR AUTHORITY
### TO EMPLOY SPECIAL COUNSEL FOR DEBTOR

NextEra Energy Gas Producing, LLC, NextEra Energy Producer Services, LLC, BSGA Gas Producing, LLC and USG Properties Barnett II, LLC (collectively, "NextEra"), for their Objection to Debtor's *Application for Authority to Employ Special Counsel for Debtor* [Docket No. 36] (the "Application"), respectfully represent:

1. By the Application, Aruba Petroleum, Inc. (the "Debtor") seeks to employ the Bradley Law Firm and Keith Bradley (collectively, "Bradley") as special counsel pursuant to section 327(e) of the Bankruptcy Code to assist with "a variety of legal matters [that] exist as to the assets and liabilities of the estate … [specifically] Oil & Gas elated [sic] legal matters." *See* Application ¶ 2. The Debtor contends that it is necessary to immediately employ Bradley "for the purpose of orderly liquidating the assets, reorganizing the claims of the Estate and determining the validity of claims asserted in the Estate." *See* Application ¶ 7. Attached as Exhibit A to the Application is the Affidavit Pursuant to Bankruptcy Rule 2014(a) executed by Bradley (the "Affidavit").

2. Upon information and belief, Bradley represented the Debtor pre-petition in connection with certain matters relating to maintaining the Debtor's oil and gas leases and other legal matters relating to the Debtor's operations. *See* Affidavit ¶ 4.

3.     NextEra objects to the employment of Bradley for two reasons: (i) the Application and Affidavit fail to adequately describe the professional services to be rendered and how employing Bradley would be in the best interest of the estate and not duplicative of the services being provided by lead bankruptcy counsel; and (ii) the Application and Affidavit fail to disclose the fully the pre-petition connections and compensation between the Debtor and Bradley.

A.     **There is nothing "special" about Special Counsel, and his Retention is Otherwise not in the Best Interests of the Estate**

4.     Special counsel may only be employed for a specific purpose or purposes and not for general administration of the case. *See In re Johnson*, 433 B.R. 626, 635-36 (Bankr. S.D. Tex. 2010). Section 327(e) does not authorize the employment of an attorney to represent the estate generally or represent the debtor in possession in the conduct of the bankruptcy case. *See In re NRG Resources, Inc.*, 64 B.R. 643, 647 (Bankr. W.D. La. 1986) (citing H.R. Rep. No. 595, 95th Cong., 1st Sess 328 (1977)). Instead, section 327(e) retention is limited to "a specified special purpose, other than to represent the trustee in conducing the case." 11 U.S.C. § 327(e). Typically, special counsel is appropriate where the attorney to be employed is to handle a specific legal action that is unrelated to debtor's reorganization, and where the attorney is particularly suited for that action. *In re Goldstein*, 383 B.R. 496 (Bankr. C.D. Cal. 2007).

5.     Despite this statutory restriction, the Application and the Affidavit propose to employ Bradley to broadly handle "oil and gas related matters." However, neither the Application nor the Affidavit sets forth why the Debtor's bankruptcy estate needs to incur the additional legal expense of a general oil and gas attorney as "special counsel," especially considering that *this is an oil and gas case*, and one must presume that general bankruptcy counsel has the ability to handle routine oil and gas matters and otherwise handle the matters for which general counsel sought employment. *See* Docket No. 2 ¶ 7 (seeking to retain general

bankruptcy counsel "for the purpose of orderly liquidating the assets, reorganizing the claims of the Estate and determining the validity of claims asserted in the Estate"). This begs the question as to why general bankruptcy counsel needs "special counsel" to deal with core debtor business issues. The Application and the Affidavit also fail to describe in any detail what specific services Bradley would be performing that are unrelated to the Debtor's reorganization and not already being handled by Debtor's lead bankruptcy counsel.

6. Rather, the stated reason for employing Bradley is to "for the purpose of *orderly liquidating the assets, reorganizing the claims of the Estate and determining the validity of claims asserted in the Estate*." *See* Application ¶ 7 (emphasis added). These denoted services (the "Special Counsel Services") are not only the hallmark of what "general bankruptcy counsel" normally does, and should be doing, *but they are exactly the same services for which general counsel sought retention*. *See* Docket No. 2. Of course, these alleged Special Counsel Services unquestionably constitute services that are tantamount to "conducting the case" under section 327(e).

7. The "specified purpose" for which an attorney may be employed section 327(e) of the Bankruptcy Code must be for a purpose "other than . . . conducting the case," and cannot be related to the reorganization (and such services must be specifically described in the Application). 11 U.S.C. § 327(e); *see also* 3 COLLIER ON BANKRUPTCY ¶ 327.04[9][d]. Because the Special Counsel Services are not "special" and are exactly the kinds of services that constitute "conducting the case," they are squarely excluded from section 327(e) retention. *See* 3 COLLIER ON BANKRUPTCY ¶ 327.04[c] and notes 142-144 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (citing cases); *see also* Docket No. 2.

8. There is nothing specific or special about the intended scope of Bradley's employment. Rather, the scope of Bradley's retention is completely duplicative of general counsel's scope of retention, outside the purview of section 327(e) and, thus, the Application should be denied.

9. Further, the Debtor must also show that the retention of proposed special counsel is in the "best interest of the estate." *See* 11 U.S.C. § 327(e). The need for special counsel must not merely be for the personal benefit of the debtor. *In re J.S. II, L.L.C.*, 371 B.R. 311, 320 (Bankr. N.D. Ill. 2007). As proposed, special counsel's retention is clearly duplicative of general counsel and not in the best interests of the estate.

10. NextEra further believes that Bradley's retention is not in the estate's best interests as a result of certain prepetition actions (or lack thereof). There is a prepetition lawsuit pending (which is now stayed) captioned *Gribble v. Aruba Petroleum, Inc., et al.*, Cause Number 15-00282 in the 235th District Court of Cooke County, Texas (the "Gribble Lawsuit"). In summary, and upon information and belief, the Gribbles contend that an oil and gas lease they entered into in June 2000 (the "Gribble Lease") expired by its terms due to "no operation" for more than 60 days (per the lease terms). Newark E&P LLC was the former majority working interest owner under the Gribble Lease, and the Gribbles contend they informed Newark in 2013 that certain prior cessations of production had resulted in the Gribble Lease expiring. In March 2014, NextEra succeeded Newark as the majority working interest owner under the Gribble Lease. According to the Gribbles, and upon information and belief, they informed Aruba who was then the operator (either through Aruba's counsel, Bradley, or they informed both Aruba and Bradley), that the Gribble Lease had terminated. Upon information and belief, Bradley and

Aruba either missed or ignored this issue, entered onto the leased land and commenced drilling operations as the operator.

11. Upon further information and belief, a settlement was proposed to Aruba and Bradley before the Gribble Lawsuit was commenced which, when viewed in the light of the alleged damages and demands in the lawsuit, would have avoided the Gribble Litigation and a potential negative outcome, for a modest payment. Upon information and belief, on the advice of counsel, Aruba rejected the proposed settlement.

12. Given that drilling operations on the Gribble Lease commenced on Bradley's advice and despite Bradley having been informed of the lease's termination, to the extent damages or other sums are awarded to the Gribbles and against Aruba, Aruba may have claims against Bradley for, among other things, malpractice. Bradley may also be a material fact witness in the Gribble Litigation. As a result, the Application should be denied on this basis. *See, e.g., Abricah v. JPMorgan Chase & Co.,* No. CIV.A. 08-0323, 2008 WL 5234372, at *1, n. 1 (E.D. Pa. Dec. 16, 2008) (noting that plaintiff's potential claim for malpractice against former attorney resulted in a conflict of interest which warranted the withdrawal of former attorney).

**B.    Failure Fully to Disclose Pre-Petition Connections**

13. The disclosure requirement of Bankruptcy Rule 2014(a) is broad and pervasive:

> The application shall state . . . any proposed arrangement for compensation, and . . . all of the person's connections with the debtor, creditors any other party in interest . . . . The application shall be accompanied by a verified statement of the person to be employed setting fort the person's connections with the debtor, creditors, or any other party in interest . . . .

FED. R. BANKR. P. 2014(a). Case law has interpreted the requirement to disclose "all connections" expansively. *Rome v. Braunstein*, 19 F.3d 54 (1st Cir. 1994) (requiring

spontaneous, timely and complete disclosure); *In re Park-Helena Corp.*, 63 F.3d 877 (9th Cir. 1995), *cert. den*. 516 U.S. 1049 (1996) (even inadvertent or negligent failure to disclose relevant information may warrant denial of all fees).

14. Bradley's disclosures are insufficient with respect to his existing connections to the Debtor, his anticipated future connections with the bankruptcy estate and the arrangements for his compensation. With respect to Bradley's past relations to the Debtor, Bradley only discloses that he had previously represented the Debtor in "oil and gas matters specifically relating to maintaining its Oil & Gas Leases and legal matters relating directly to the Oil & Gas production operation of the Debtor." The Application and the Affidavit fail to disclose any specific work that Bradley did, including that he represents the Debtor in the Gribble Lawsuit.

15. The Affidavit states that the Debtor owes Bradley approximately $4,000 as of the petition date. Affidavit ¶ 6. However, the Debtor's Amended Schedules [Docket No. 47] reflect a total of $15,550.92 owing to Bradley in respect of three separate claims. *See* Debtor's Amended Schedules [Docket No. 47 at pp. 22-23]. The Application also fails to state whether Bradley received any payments from the Debtor in the months preceding its bankruptcy filing. There should be full disclosure of the pre-petition financial dealings between the Debtor and Bradley.

C.   **The Application fails to comply with the guidelines for *nunc pro tunc* retention**

16. Local Rule 2014(d) provides that "[i]f a professional applies for approval more than 30 days after employment and the professional seeks retroactive approval to the employment date, then the professional seeks approval *nunc pro tunc*." A *nunc pro tunc* application must contain an explanation: (i) of why the application was not filed earlier; (ii) of why the order authorizing employment is required *nunc pro tunc*; and (iii) of how, to the best of

the applicant's knowledge, approval of the application will or will not prejudice any parties-in-interest. The Application was filed on December 28, 2016 but seeks to employ Bradley as of November 22, 2016 – thus, the *nunc pro tunc* procedure applies. Because Debtor has failed to comply with the guidelines for *nunc pro tunc* retention, the Court should deny his request for retroactive employment back to November 22, 2016.

17. NextEra submits that the information presented in the Application and Affidavit is insufficient to satisfy the requirements of Rule 2014(a) or to justify granting the Application. NextEra respectfully requests that the Application be denied.

**WHEREFORE**, NextEra respectfully requests that the Court deny the Application and grant NextEra such other and further relief as may be just and proper.

Respectfully submitted this 18th day of January, 2017.

**GRAY REED & McGRAW LLP**

By:  */s/ Jason S. Brookner*
   Jason S. Brookner
   Texas Bar No. 24033684
   Lydia R. Webb
   Texas Bar No. 24083758
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:   (214) 954-4135
Facsimile:   (214) 953-1332
Email:       jbrookner@grayreed.com
             lwebb@grayreed.com

**COUNSEL TO NEXTERA ENERGY GAS PRODUCING, LLC, NEXTERA ENERGY PRODUCER SERVICES, LLC, BSGA GAS PRODUCING, LLC and USG PROPERTIES BARNETT II, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 18th day of January, 2017, he caused a true and correct copy of the foregoing pleading to be served via the Court's electronic case filing system (ECF) on all parties to this proceeding who have so-subscribed, and further that he caused a copy of the same to be served on counsel to the Debtor via email as follows: eric@ealpc.com.

                                          */s/ Jason S. Brookner*
                                        Jason S. Brookner