**Eric A. Liepins**
**ERIC A. LIEPINS, P.C.**
12770 Coit Road
Suite 1100
Dallas, Texas 75251
Ph. (972) 991-5591
Fax (972) 991-5788

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| ARUBA PETROLEUM, INC | § | CASE 16-42121 |
| | § | |
| DEBTOR | § | |

**DEBTOR'S MOTION FOR ORDER APPROVING**
**MASTER SERVICE LIST AND LIMITING NOTICE**

NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION OR REQUEST FOR HEARING IS FILED WITH THE UNITED STATES BANKRUPTCY CLERK, 660 N. CENTRAL EXPRESSWAY, THIRD FLOOR, PLANO, TEXAS 75074, WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF THE FILING OF THIS MOTION, UNLESS THE COURT, SUA SPONTE, OR UPON TIMELY APPLICATION OF A PARTY IN INTEREST, SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION OR REQUEST FOR HEARING.
IF NO OBJECTION OR REQUEST FOR HEARING IS TIMELY FILED, THE MOTION SHALL BE DEEMED TO BE UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. THE COURT RESERVES THE RIGHT TO SET ANY MATTER FOR HEARING.

TO THE HONORABLE BRENDA T. RHOADES U.S. BANKRUPTCY JUDGE:

Aruba Petroleum, Inc. ("Debtor") as debtor in possession, files this its Motion for Order Approving Service List and Limiting Notice (the "Motion") and in support thereof would respectfully show the court as follows:

**I. JURISDICTION AND PROCEDURAL BACKGROUND**

1. Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on November 22, 2016. Debtor continues to operate its business and manager its business and property as a debtor-in-possession pursuant to the provisions of section 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Bankruptcy Case and no committee has yet been appointed or designated by the Office of Unites States Trustee.

2. This court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C.§ 157(b). Venue of this case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. This Motion requests relief pursuant to section 105 of the Bankruptcy Code and Rules 1007, 2002, and 9007 of the Federal Rules of Bankruptcy Procedures.

## II. STATEMENT OF FACTS

4. Debtor is an operator of approximately 250 oil & gas wells in Texas.

5. In connection with its operations, the Debtor has used numerous interest holders in the various wells. As a result the debtor has over 4,000 creditors or parties in interest.

## III. RELIEF REQUESTED

6. Bankruptcy Rules 2002 and 9007 provide in relevant part that the Court may direct to the parties to whom notices and pleadings concerning the case must be sent. Local Bankruptcy Rule 9007. 1 sets forth certain minimum service and notice requirements.

7. Debtor respectfully requests the Court to exercise its authority to limit notice by approving the use of a limited notice list (the "Master Service List") for all notices and pleading ("Filings") filed in the case (excluding any plan and disclosure statement and related notices filed

in the Bankruptcy Case) In compliance with Local Bankruptcy rule 9007. 1, the proposed Master Service List will include the following parties-in-interest: (i) the Debtor and its counsel; (ii) the Office of Unites States Trustee; (iii) any trustee, examiner or any other party appointed by the Court herein and its attorney; (iv) any statutory committee and its attorney; (v) all known secured creditors; (vi) the Internal Revenue Service and other governmental agencies required to receive notice under the Bankruptcy Rules of the Local Bankruptcy Rules; (vii) any person who has formally appeared in the Bankruptcy Case and requested notice, and (viii) the 20 largest unsecured creditors.  Debtor further requests that, if a particular Filing impacts a particular party not on the Master Service List, Debtor will serve the notice or pleading on such party. Debtor requests the Court to find in this limited circumstance only, that no other party-in-interest need be served with a Filing concerning the affected party. Debtor further requests the Court find that notice of a Filing served in this Bankruptcy Case will be presumed adequate if served on the Master Service List.

### IV. BASIS FOR RELIEF REQUESTED

8. Section 105 of the Bankruptcy Code, along with Bankruptcy Rules 2002 and 9007, authorize the Court to establish notice standards, including the content of notices and to whom a notice or pleading is served. See Fed. R. Bankr. P. 2002 (a) (2) and (a) (3) (recognizing court's ability to modify requirements); Fed, R. Bankr. P. 2002 (m) (providing overall authority to regulate notices and allowing, where feasible, combining notice).

9. Debtor submits that the circumstances of the Case supports the Court's exercise of its authority to grant the relief requested herein. Debtor has approximately three hundred potential parties in-interest to be listed on Debtor's Schedules. The Master Service List seeks to

limit the number of parties-in-interest who will receive notice of a Filing to a manageable number while still including those parties with the largest stake in the Case.

10. Debtor will regularly update the Master Service List to include those parties who make a formal appearance in the Bankruptcy Case and request notice of Filings. Consequently, any potential party-in-interest on Debtor's creditor matrix but not in the initial Master Service List can easily cause itself to be added to the Master Service List and, as a result, receive all Filings.

WHEREFORE, PREMISES CONSIDERED Debtor requests the Court to enter an order (i) authorizing Debtor to utilize the Master Service List as set forth herein and (ii) providing Debtor with such other and further relief to which Debtor may show itself to the justly and equitably entitled or which the Court may deem just and proper.

Respectfully Submitted,

/s/ Eric Liepins
**Eric A. Liepins**
**ERIC A. LIEPINS, P.C.**
12770 Coit Road
Suite 1100
Dallas, TX 75251
Ph. (972) 991-5591
Fax (972) 991-5788

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was sent via first class and/or electronic mail to the following parties and those on the attached service list on the 6th day of March 2017.

/s/ Eric Liepins \_\_\_\_
Eric Liepins